## BANKRUPTCY OF AIONA.

### INSTRUCTIONS TO ASSIGNEE.

HEARING, AUGUST 27, 1891. DECISION, SEPTEMBER 1, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

Creditors in bankruptcy, whose claims are disputed by the assignee, have a right of action against him.

If such right of action is not exercised before the final order in bankruptcy, it is estopped.

Parties interested may appeal from the final order to the Full Court (Section 21, Bankrupt Act).

### OPINION OF THE COURT, BY DOLE, J.

The following questions were addressed to the Chief Justice, but we have deemed the matter to be of sufficient importance for a regular hearing and argument before us.

Thow Choy, Assignee in the above case, comes before the Court and asks instructions herein, under the following conditions:

" He has collected thus far on behalf of the estate of said bankrupt sufficient to pay about forty per cent. of all claims not refused under Section 8 of the Bankrupt Act, as amended by the law of 1888.

" Under the provisions of said Section 8, he duly refused in writing, within the prescribed time, certain claims aggregating

$5,167.45, and the several claimants so refused have not taken any further proceedings in the matter, though their said several claims have been so refused over six months.

"That the claims allowed amounted in the aggregate to $3,865.06, on which he has paid to the several claimants the amount of 25 per cent. as a first dividend.

"That he has still in hand sufficient to pay (say) 15 per cent. additional upon the claims allowed as above; but is advised by counsel that it would be unsafe to pay further upon the above accepted claims, while those refused as above are in the present unsettled condition."

Section 8 of the Bankrupt Act, as amended, reads as follows: " Any creditor may object to the allowance or proof of any claim ·and the hearing shall be had before the Justice, and any creditor whose claim is so objected to shall have no voice in the choice of assignees, provided, however, that the creditor or creditors making such objection file an affidavit that such objection is bona fide, and is not made for the purpose of depriving the creditors objected to of having a voice or vote in the election of assignees. Either· party or the assignees may take an appeal from the decision of the Justice to a jury, upon complying with the requirements in regard to appeals contained in Section 21. The assignee or assignees shall within one month after his or their appointment, or within the same time after the receipt by him or them of any claim proved against the bankrupt's estate, notify the person or parties who have so proved whether such claim is disputed by him or them."

The Act, until amended in 1888, undoubtedly supported the position that. the formal proof before the presiding Justice was final if not appealed from, as appeal is allowed to a jury˙from the allowance or disallowance of any such claim. No other proof is provided for, and the assignees are required "to make as many dividends of said estate as they may think proper, not to exceed five, among the creditors who have proved their claims." (Section 13, Chap. 35, Laws 1884.) The amendment to Section 8, passed in 1888, as above set forth, requires the assignee to notify creditors who have proved their claims

whether or not their claims are disputed by him, but there is no further provision as to the duties of the assignee or of the creditor in relation to a disputed claim. It is clear that the creditor would have a right of action in such case against the assignee; but how long his right of action shall survive, the law does not inform us.

The only part of the statute that affords any assistance to the solution of this problem is Section 23, which is as follows: " Preparatory to the final account and dividend, the assignee or assignees shall submit his or their accounts to the Justice and file the same, and shall thereupon give notice to all the creditors who have proved their claims, that he will apply for a settle-· ment of such accounts and for a discharge from all liability as assignee or assignees at a time specified in such notice. At the · hearing, the Justice shall audit the accounts, and any persons interested may appear and contest the same. The Justice may thereupon, at his discretion. pass the accounts and order a dividend of any portion of the estate remaining undistributed, and shall discharge the assignee or assignees."

This section provides for a final settlement of the estate before the presiding Justice, upon due "notice to all the creditors who have proved their claims," which includes those creditors whose claims have been proved before the Justice and afterwards disputed by the assignee. This hearing gives an opportunity to such creditors to test the assignee's accounts and to show that the disputed claims ought to be recognized. The decision of these questions by the Justice is final, unless appealed from, and the order of the Justice in the matter will stop all claims and all rights of action, except in case of an appeal from such order.

Although the right of appeal to a jury is given in Section 8, from the decision of a Justice, in allowing or disallowing claims in the first instance, such right is confined to the preliminary proofs of claims, and is not intended to apply to the final order of the presiding Justice, the appeal from which is to the Full Court, under Section 21.

*C. W. Ashford,* for questioner, assisted by *P. Neumann.*